UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  22-20220-CR-MOORE

UNITED STATES OF AMERICA,
        Plaintiff,

vs.

PEDRO ROSARIO SANTANA,
        Defendants.

_____/

## OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

The Defendant, Pedro Rosario Santana, through undersigned counsel and pursuant to Federal Rule of Criminal Procedure 32, hereby files these objections to the presentence investigation report (PSI).  In support of this request, Mr. Rosario Santana states as follows:

### FACTUAL HISTORY

Mr. Rosario Santana is a 43-year-old man from the Dominican Republic.  PSI ¶ 34.  He was raised in extreme poverty; at many times as a child he did not have enough food to eat, and could not attend school.  *Id.* ¶ 36.  He now has seven children of his own. Three live with him in the home he shares with his partner of 20 years, yet he financially supports all the children.  *Id.* ¶ 37, 38.

Mr. Rosario Santana attended school only through the eighth grade, when he had to leave school to begin work to support his family.  PSI ¶ 44, 47.  Mr. Rosario Santana has continued to work as a sailor and a fisherman throughout his adult life, though he struggles to make ends meet.  He earns around USD $125 biweekly as a sailor, and USD $180 weekly as a fisherman.  PSI ¶ 44, 47.

1

Along with his co-defendant, Mr. Rosario Santana was recruited to transport cocaine from Venezuela back to the Dominican Republic by boat. Mr. Rosario Santana had no ownership stake in the cocaine; nor was he involved in the organization or planning of the operation or route. Indeed, he was recruited for this trip just a couple days before he set off. Mr. Rosario Santana was simply a crewmember who assisted unknown others higher up in the organization in the transportation of the drugs from a predetermined Point A to Point B, by way of a vessel on the open seas. Much like a drug courier who flies from Point A to Point B with drugs hidden in a suitcase, Mr. Rosario Santana was a minor participant who was less culpable than most other participants in this drug-trafficking conspiracy.

## GUIDELINE OBJECTIONS

### A. Safety Valve

Probation did not credit Mr. Rosario Santana with the two-point reduction for safety valve under U.S.S.G. § 2D1.1(b)(18). PSI ¶ 14. As Probation correctly notes, Mr. Rosario Santana meets the safety valve criteria set forth in § 5C1.2(a)(1)-(4). Further, Mr. Rosario Santana has provided a truthful and complete statement to the government outlining the information and evidence he has concerning this offense, meeting the requirements of § 5C1.2(a)(5). Mr. Rosario Santana has also notified the government that he is available to answer any follow-up questions the government may have in written form, or at a debrief conference. Therefore, he qualifies for this reduction.

### B. Minor Role

In the PSI, Mr. Rosario Santana has not been given a reduction for his role in the offense.  PSI ¶ 20.  He objects to not receiving, pursuant to U.S.S.G. § 3B1.2(b), a two-level minor role reduction and a corresponding three-level reduction in his base offense level, pursuant to U.S.S.G. § 2D1.1(a)(5)(iii).

U.S.S.G. § 3B1.2(b) provides for a two-level reduction if "the defendant was a minor participant in any criminal activity."  The determination as to whether a defendant should receive a role reduction is a fact-based determination and is "heavily dependent on the facts of the particular case."  *See* U.S.S.G. § 3B1.2 App. N. 3(C).  The application notes provide that a minor participant "applies to a defendant . . . who is less culpable than most other participants, but whose role would not be described as minimal."  *See* U.S.S.G. § 3B1.2 App. N. 5.  As part of the November 1, 2015 amendments to the guidelines, the Sentencing Commission expressed the opinion that sentencing courts are not granting mitigating role reductions for low-level offenders as much as the Commission had intended.  *See* U.S.S.G. Appendix C, amend. 794.

In the instant case, Mr. Rosario Santana qualifies for the minor role reduction because he is less culpable than most other participants in the conspiracy to which he pleaded guilty.  He is less culpable than the individual who recruited him and others to participate in the smuggling operation; he is less culpable than the suppliers of the cocaine; he is less culpable than the individuals organizing the transportation of the cocaine; and he is less culpable than the intended recipients who ultimately were to distribute the cocaine.

3

In drug cases such as the present case, a role reduction is especially important because it is directly tied to the base offense level determination under U.S.S.G. § 2D1.1.  Specifically, § 2D1.1(a)(5) provides that "if (A) the defendant receives an adjustment under § 3B1.2 (Mitigating Role); and (B) the base offense level . . . is (i) 32, decrease by 2 levels; (ii) level 34 or level 36, decrease by 3 levels; or (iii) level 38, decrease by 4 levels."  Additionally, the Application Notes to § 3B1.2 provide that in drug cases where a defendant's base offense level is determined pursuant to § 2D1.1(a)(5), the Court shall additionally reduce that base offense level based on the defendant's mitigating role.  *See* U.S.S.G. § 3B1.2 App. N. 6.

Recently, as noted by the Sentencing Commission as part of the November 1, 2015 amendment to the mitigating role provision, after conducting an in-depth national study, the Sentencing Commission found that sentencing courts were still not applying the mitigating role reduction as often as was intended by the Commission.  *See* U.S.S.G. App. C, Amend. 794.

Based on this study's findings, the Commission's clarifying November 1, 2015 amendment to § 3B1.2 was created in hopes of fostering a greater application of the mitigating role reduction for defendants who perform relatively low-level functions, specifically including "mules" and "couriers," for large drug trafficking organizations. *Id.*  It is the intent of the Commission by way of the Amendment to address the Commission's observation "that courts often [incorrectly in the eyes of the Commission] deny mitigating role to otherwise eligible defendants if the defendant was considered 'integral' to the successful commission of the offense." *Id.*  In response to the "inconsistent" and "sparse" application of the mitigating role adjustment, the

4

amendment to the guidelines was designed specifically to "provide additional guidance to sentencing courts in determining whether a mitigating role adjustment applies." *Id.* Specifically, the amendment "addresses a circuit split and other case law that may be discouraging courts from applying the adjustment in otherwise appropriate circumstances." *Id.* To assist courts and to encourage them to apply the adjustment more frequently, the Commission has provided sentencing courts with "a non-exhaustive list of factors for the court to consider in determining whether an adjustment applies and, if so the amount of the adjustment." *Id.* Specifically, the Commission's November 1, 2015 amendment directs sentencing courts to consider:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decisionmaking authority or influenced the exercise of decisionmaking authority;
>
> (iv) the nature and the extent of the defendant's participation in the commission of the criminal activity, including acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and
>
> (v) the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2, App. N. 3(C).

Additionally, and of great significance to the present case, the amendment further provides that:

> For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being

5

paid to perform certain tasks should be considered for an adjustment under this guideline.

The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

*Id.*

Applying the factors in the Commission's 2015 amendment to the facts of this case demonstrates that Mr. Rosario Santana should receive a two-level minor role reduction and by consequence a three-level reduction in his base offense level pursuant to § 2D1.1(a)(5)(iii).  As a simple courier or transporter of drugs:

(i)     Mr. Rosario Santana had little or no degree of understanding of the scope and structure of the overarching criminal activity; he was simply instructed to assist in the transportation of the cocaine from point A to point B.

(ii)    Mr. Rosario Santana had no role in the planning or organization of the criminal activity, including no role in the planning or organization of the transportation operation itself.

(iii)   Mr. Rosario Santana had no decision-making authority, nor did he have any influence regarding the exercise of decision-making authority.  He simply followed the directions of others.

(iv)    The nature and extent of Mr. Rosario Santana's activity and participation was limited to his assistance with the transportation of cocaine by boat.  He served simply as a crewmember on the boat, following orders as to where to go and when. He had little or no discretion in determining the planned route or course of action.

(v)     The only benefit Mr. Rosario Santana expected to receive for his role in the instant offense was about

6

$35,000 USD—of which he received nothing. In any case, this sum is extremely minor in light of the street value of the drugs he was transporting (approximately $5.325 million USD).[1]

Based upon the newly created factors this Court is directed by the Sentencing Commission to consider in determining when to apply a mitigating role reduction pursuant to U.S.S.G. § 3B1.2, Mr. Rosario Santana respectfully submits that this Court should find that he qualifies for a two-level minor role reduction and a corresponding § 2D1.1(a)(5) three-level reduction.

In this case, should the Court agree with the defense that safety valve applies; that the obstruction of justice enhancement should not apply; and should it grant the two-point reduction for minor role, Mr. Rosario Santana's advisory guideline range would decrease to 63 to 78 months.[2]

Respectfully Submitted,

**MICHAEL CARUSO**
**FEDERAL PUBLIC DEFENDER**

BY:  */s/Kate Mollison*
Kate Mollison
Assistant Federal Public Defender
Florida Special A No. A5502482
150 West Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel:  305-530-7000
E-Mail Address: Kate_Mollison@fd.org

---

1. On November 19, 2015, the U.S. Coast Guard estimated that one kilogram of cocaine sells for approximately $25,000 in the United States.  *See* http://www.cbsnews.com/news/what-800-million-worth-of-cocaine-looks-like.

2. Starting at a level 36, Mr. Rosario Santana's base offense level would decrease to 33, pursuant to § 2D1.1(a)(5)(iii).  He would then receive an additional two-point reduction for minor role.  *See* U.S.S.G. § 3B1.2 App. N. 6.  He would also receive two points off for safety valve, and three points off for acceptance of responsibility.  Mr. Rosario Santana's adjusted offense level would be 26, which (with a criminal history category I) yields an advisory guideline range of 63 to 78 months.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **December 22, 2022**, undersigned counsel electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

*/s/Kate Mollison*
Kate Mollison