UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                          CASE NO. 22-CR-20220-KMM-2

        Plaintiff,

vs.

FRANKLIN DOMINGUEZ,

        Defendant,

_____/

### DEFENDANT, FRANKLIN DOMINGUEZ' OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

The Defendant, **FRANKLIN DOMINGUEZ,** by and through his undersigned counsel, presents herewith his Objections to the Presentence Investigation Report ("PSI") [D.E. 85], and states as follows:

1.      **Objection to Paragraph 10: "Role Assessment"**

The Defendant objects to paragraph 10 of the PSI insofar as it states, "Neither an aggravating nor mitigating role adjustment is recommended for … Franklin Dominguez."

Specifically, it is respectfully submitted that based upon Franklin Dominguez' participation in the criminal conduct and the consideration of the five (5) factors noted in the Guideline application notes, he should receive a ***two (2) level minor role reduction*** pursuant to U.S.S.G. §3B1.2(b).

As noted in *United States v. Rodriguez De Varon*, 175 F.3d 930 (11th Cir. 1999), "[A] district court's determination of a defendant's mitigating role in the offense should be informed by two modes of analysis." *Id*. at 940. First, "the district court must measure the defendant's role against the relevant conduct for which [he] she has been held accountable." *Id.* Second, the district

court must measure the defendant's role against the other discernable participants in the relevant conduct. *Id.* at 944–45.

The decision whether to apply a mitigating role reduction is "based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2, comment. (n.3(c)). In *United States v. Cruickshank*, 837 F.3d 1182, 1194–95 (11th Cir. 2016), the Eleventh Circuit reaffirmed their holding in *De Varon* that a minor role reduction should be based on the "totality of the circumstances."

To assist the courts in making a role determination, the guidelines provide a list of non-exhaustive factors. *Id.* These factors include the degree to which the defendant (i) "understood the scope and structure of the criminal activity," (ii) "participated in planning or organizing the criminal activity," and (iii) "exercised decision-making authority or influenced the exercise of decision-making authority," as well as an examination of (iv) "the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts," and (v) "the degree to which the defendant stood to benefit from the criminal activity." *Id.* Section 3B1.2's commentary notes that the mere fact that a defendant performs an "essential or indispensable role in the criminal activity is not determinative."

Under *Rodriguez De Varon*'s first principle, we must ask whether Franklin Dominguez "played a relatively minor role in the conduct for which [he] has already been held accountable— not a minor role in any larger criminal conspiracy." 175 F.3d at 944.  The record shows that both of the defendants in this case are being held accountable for the entirety of the criminal scheme, therefore the question is:  Did Franklin Dominguez play a relatively minor role in the criminal conduct, unlike the other defendants?

However, in the recent Ninth Circuit case of *United States v. Rodriguez,* 44 F.4th 1229 (9th Cir, 2022), regarding the first factor, the court stated, "… we held that the first factor requires district courts to assess the defendant's knowledge of the scope and structure of the "criminal *enterprise*," not just his knowledge of his own conduct that led to his conviction. … This interpretation is consistent with the Sentencing Commission's commentary, which explains that "the defendant's lack of knowledge or understanding of the scope and structure *of the enterprise and of the activities of others* is indicative of a role as a minimal participant." U.S.S.G. § 3B1.2 cmt. 4 (emphasis added).  Thus, when applying the first factor, a district court must examine the defendant's knowledge of the scope and structure of the broader group of people involved in the offense.  The court noted that since the district court had concluded that a larger drug trafficking organization was involved in the offense, on remand the district court should examine the degree to which Rodriguez knew of the scope and structure of that organization.

Under *De Varon*'s second factor, we ask whether Franklin Dominguez was less culpable than the other participants in the criminal activity.  In this regard, since he was a mere crew-member, he was certainly less culpable than the others involved in the "criminal enterprise," and the "broader group of people involved in the offense."

The court in *United States v. Rodriguez,* 44 F.4th 1229 (9th Cir, 2022), stated that, "the plain language of this factor indicates that the district court must assess the degree to which the defendant participated in *devising* the plan. The use of the words "planning or organizing," as verbs, indicates that the defendant must take an active role in developing the plan. One who simply receives instructions and follows them does not "plan" or "organize" the crime … If simply being told the plan and following it were sufficient to weigh this factor against the defendant, we could

3

not have held that this factor weighed in Diaz's [a prior case the Ninth Circuit considered] favor because he, like Rodriguez, was aware of the plan before committing the offense."

As to factors (iii) and (iv), the Ninth Circuit merely noted that, "one who devises a plan and organizes others is likely to play a more significant role, while one who simply follows instructions is likely to play a less significant role."

Regarding factor (v), the Ninth Circuit stated that, "[t]o properly apply this factor, we explained, the district court must consider whether the defendant has a "proprietary interest in the criminal activity," such as "an ownership interest or other stake in the outcome of the trafficking operation." U.S.S.G. § 3B1.2, cmt. 3(C) ("[A] defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline."). … Like all of the other factors, the purpose of this factor is to aid in determining the defendant's relative role, not just to determine whether the defendant received what the district court considers to be a lot of money in an absolute sense."

As noted in the Presentence Investigation Report, prior to the time Franklin Dominguez was recruited to join the criminal venture, since he was 14 years of age, he had been working at Bavarro Punta Cana, Cabeza de Toro as a fisherman, earning the U.S equivalent of approximately of $547.71 per month.

Therefore, it is clear that Franklin Dominguez had no knowledge of the overall scope of the smuggling conspiracy, nor is there evidence that he participated in devising the plan.

Based on the foregoing, Franklin Dominguez should receive a *two (2) level minor role reduction* pursuant to U.S.S.G. §3B1.2(b).

4

2.        **Objection to Paragraph 17:  "Base Offense Level"**

The Defendant objects to paragraph 17 of the PSI insofar as it states that the base offense level is 36.

The PSI states, "The defendant is responsible for 213.6 kilograms of cocaine. The base offense level for an offense involving at least 150 kilograms, [but less than 450 kilograms] or more of cocaine is 36, § 2D1.1(a)(5)." (Emphasis supplied.)

However, the base offense level of 36 merely refers to the drug quantity (weight), but does not contemplate any reduction in base offense level that may result from a mitigating role adjustment pursuant to U.S.S.G. §2D1.1(a)(5)(ii), which provides for a three (3) level reduction in the otherwise applicable base offense level.

Specifically, pursuant to U.S.S.G. §2D1.1(a)(5)(ii), when the mitigating minor role adjustment is applied as argued above, *the base offense level then becomes 33*, rather than 36.

3.        **Objection to Paragraph  18: "Specific Offense Characteristics"**

The Defendant objects to paragraph 18 of the PSI insofar as it states, "Specific Offense Characteristics: None."

Paragraph 14 of the PSI states, "The defendant meets the criteria of subsections (a)(1) through (4) of § 5C1.2; however, Assistant United States Attorney Arielle Klepach has not advised if the defendant was fully debriefed by the government and agents following his instant arrest provide a complete and truthful statement addressing his involvement in and knowledge of the offense. Therefore, it is unknown if he has met the criterion set forth in subsection (a)(5) of § 5C1.2. Thus, a two-level reduction, pursuant to §2D1.1(b)(18), is not applicable."

It is submitted that shortly the Defendant will be furnishing his safety valve statement and therefore will be entitled to the two (2) level reduction provided for in U.S.S.G. §2D1.1(b)(18) and the benefits provided for in U.S.S.G. §5C1.2(a).

Therefore, the *two (2) level safety-valve reduction* provided for in U.S.S.G. §2D1.1(b)(18) should be applied in this sentence computation.

4.     **Objection to Paragraph 20:  "Adjustment for Role in the Offense"**

The Defendant objects to paragraph 20 of the PSI insofar as it states, "Adjustment for Role in the Offense: None."

The Defendant realleges, reavers, and incorporates by reference his argument in support of a minor role reduction as set forth above in the objection to paragraph 10 of the PSI.

Therefore, Franklin Dominguez should receive a *two (2) level minor role reduction* pursuant to U.S.S.G. §3B1.2(b).

5.     **Objection to Paragraph 22:  "Adjusted Offense Level"**

The Defendant objects to Paragraph 22 of the PSI with regard to the assertion that the *adjusted offense level* should be 36.

Specifically, when three (3) levels are deducted from the base offense level pursuant to U.S.S.G. §2D1.1(a)(5)(ii), and the two (2) level safety valve reduction is applied, and two (2) levels are deducted for the Defendant's minor role pursuant to U.S.S.G. §3B1.2(b), the result is an *adjusted offense level* **of 29**, rather than 36.

6.     **Objection to Paragraph 26:  "Total Offense Level"**

The Defendant objects to Paragraph 26 of the PSI with regard to the assertion that the *total offense level* should be 33.

Specifically, when three (3) levels are deducted from the base offense level pursuant to U.S.S.G. §2D1.1(a)(5)(ii), and the two (2) level safety valve reduction is applied, and two (2) levels are deducted for the Defendant's minor role pursuant to U.S.S.G. §3B1.2(b), and three (3) levels are deducted for acceptance of responsibility, **the *total offense level* would read 26**, rather than 33.

7.        **Objection to Paragraphs 50 and 51: "Sentencing Options - Guideline Provisions"**

The Defendant objects to Paragraph 50 of the PSI inasmuch as it reads, "As to each of Counts One and Two the minimum term of imprisonment is ten years, and the maximum term is life, 46 U.S.C. § 70506(a) and 21 U.S.C. § 960(b)(1)(B)."

This objection is based on the fact that ultimately the Defendant will receive the benefits of the safety-valve provisions which will make the ten (10) year minimum inapplicable and the recomputed guideline sentencing range set forth below the operative sentencing guideline range.

The Defendant objects to Paragraph 51 of the PSI inasmuch as it reads, "Guideline Provisions: Based upon a total offense level of 33 and a criminal history category of I, the guideline imprisonment range is 135 months to 168 months."

It is submitted that the appropriate advisory guidelines sentence range should read as follows: Based on a *total offense level of 26* and a criminal history category of I, the *advisory guideline imprisonment range* is **63 to 78 months**, before the application of any applicable downward departures and/or variances that the Court may deem appropriate.

 **WHEREFORE**, the Defendant,  **FRANKLIN DOMINGUEZ**, respectfully prays that this Honorable Court sustain the within objections to the Presentence Investigation Report  and

direct the United States Probation Office to amend the Presentence Investigation Report as requested herein.

Respectfully submitted,

ANA M. DAVIDE
(FL Bar No. 875996)
ANA M. DAVIDE, P.A.
420 South Dixie Highway, Suite 4B
Coral Gables, Florida 33146
Telephone: (305)854-6100
Fax: (305) 854-6197
E-mail: ana@anadavidelaw.com
(Counsel for Defendant,
*Franklin Dominguez.*)

*/s/ Ana M. Davide*
Ana M. Davide, Esq.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of December, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served this day on all counsel of record or pro se parties either *via* transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

ANA M. DAVIDE
(FL Bar No. 875996)
ANA M. DAVIDE, P.A.
420 South Dixie Highway, Suite 4B
Coral Gables, Florida 33146
Telephone: (305)854-6100
Fax: (305) 854-6197
E-mail: ana@anadavidelaw.com
(Counsel for Def., *Franklin Dominguez.*)

*/s/ Ana M. Davide*
Ana M. Davide, Esq.

## SERVICE LIST

**United States of America v. Franklin Dominguez**
**Case No. 22-CR-20220-KMM-2**
**United States District Court, Southern District of Florida**

Arielle Klepach, A.U.S.A.
U.S. Attorney's Office
Miami, FL 33131
Email: arielle.klepach@usdoj.gov

Joshua Paster, A.U.S.A.
US Attorney's Office
Miami, FL
305-961-9342
Email: joshua.paster@usdoj.gov